EDMUND CHARLES et al. *vs.* THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN.

1. Under the eighth section of the act of March 20th, 1857, to authorize the water commissioners to introduce water into the city of Hoboken, the power of removal conferred on the mayor and council is a judicial power, and cannot be exercised by the council alone.

2. Judicial powers delegated to two or more must be executed jointly.

*Certiorari* to the mayor and council of Hoboken, to remove certain proceedings touching the removal of the plaintiffs from the office of water commissioners.

The cause was argued at February Term, 1858, before the CHIEF JUSTICE, and Justices, OGDEN, ELMER, and VREDENBURGH.

*Mulford* and *Vroom*, for plaintiffs.

*Zabriskie*, for defendants.

The opinion of the court was delivered by

The CHIEF JUSTICE. The prosecutors of this writ of *certiorari* were water commissioners of the city of Hoboken. They have been removed from office by the council of the city on a charge of maladministration. To set aside the

proceedings of council, this *certiorari* is prosecuted. It is admitted that this court has superintending jurisdiction over the action of the council in the premises, and that if the proceedings are not according to law, they must be set aside.

The first reason assigned is, that the removal of the prosecutors was not made by a legal tribunal. The proceedings were instituted under the eighth section of " An act to authorize the water commissioners of the city of Hoboken to contract for and introduce water into said city, and to provide for the payment thereof," approved March 20th, 1857, (*Pamph. Laws* 500.) By that section it is enacted, " that the mayor and council of the city of Hoboken shall at any time remove any commissioner, providing it shall satisfactorily appear, after reasonable notice to the parties, and hearing the causes of complaint, and answers thereto, if any shall be offered, that the commissioner whose removal is sought has been guilty of such maladministration, or such neglect of the duties of his office, that his removal will be right and proper, and two-thirds of all the members elected to the said council shall concur in such removal."

This provision manifestly relates to a tribunal judicial in its character. There is to be a hearing upon complaint and answer, after notice to the party complained of. Evidence is to be adduced, by which it may satisfactorily appear to the tribunal that the party complained of has been guilty of such maladministration, or such neglect of the duties of his office, as will justify his removal. It is clearly not a provision for the removal of an officer by the appointing power, nor of a mere executive officer by his superior. The commissioners are elected by the people; they hold office for a specified term, and are subject to removal only upon complaint, trial and proof of guilt, in the mode specified.

This power of removal is expressly vested, by the act, in the mayor and council, not in their executive or legis-

lative capacity, but as jointly constituting one tribunal for a specific purpose.

The general rule is, that where a number of persons are appointed to act judicially, they must all *confer*, though a majority may decide. *Moore* v. *Executors of Moore, Coxe* 147; *The State* v. *Prall*, 5 *Halst.* 161; *Ex parte Rogers*, 7 *Cowen* 526. And the rule is held with great strictness in regard to municipal corporations, that even where an ordinary corporate act is required to be done by different integral parts of the body corporate, as by the mayor, recorder and aldermen, all the integral parts must be present—neither can consummate any corporate act without the others, though when present they constitute one body, each having an individual vote. *The King* v. *Miller*, 6 *Term R.* 268; *The King* v. *Buller*, 8 *East* 389; *The King* v. *Williams*, 2 *Maule & Sel.* 141. And see 7 *Cowen* 530, *note a; Bac. Ab.*, " *Corporations*," *D.*

It is true that, under the provisions of the city charter, the mayor and council, when acting in their legislative capacity, act separately, and, to some extent, independently. The mayor has no seat in council, and no voice in their deliberations. He has only a qualified *veto* upon their legislative acts.

There is no ground upon which this course of proceeding could be legally resorted to for the removal of the water commissioners from office. The authority for this purpose is not conferred by the charter, but by a different act and upon a distant subject. It is conferred not upon the council alone, nor upon the council with the assent or approval of the mayor, but upon the mayor and council jointly; and being a judicial power, it must be exercised jointly.

From the return to the *certiorari* it appears that these proceedings were instituted, heard and decided before the council alone; that the mayor was not present as one of the tribunal, and had no voice in their deliberations. This is fatal to the validity of the proceedings. There

was no legally constituted tribunal to hear or decide the cause.

The order of removal must be set aside.